IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. PWG-14-3066 |
| ONE 2006 RANGE ROVER,<br>   VIN SALSF25466A968064, | * | |
|    MARYLAND TAG 21669M4, | * | |
| ONE SILVER JEEP RUBICON<br>   VIN 1C4HJWFG5DL553884 | * | |
|    MARYLAND REGISTRATION<br>   3AZ9686, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

The United States of America (the "Government") seeks forfeiture of a silver Jeep Rubicon, VIN 1C4HJWFG5DL553884, bearing Maryland Registration 3AZ9686 ("the Jeep") seized from Ricardo Lawson.[1] Lawson is the only individual who sought to contest the forfeiture of the Jeep, but he is now unopposed to the forfeiture action. Therefore, for the reasons discussed below, the Government's Motion for Default Judgment will be granted.

### I. BACKGROUND

On November 20, 2013, the Metropolitan Area Drug Task Force and Homeland Security Investigations ("law enforcement") took possession of a UPS box they suspected contained narcotics. Horn Decl. ¶ j, ECF No. 1. Law enforcement turned the UPS box over to a UPS

---

[1] This forfeiture action was initially filed against a silver Jeep Rubicon and a 2006 Range Rover on September 29, 2014. *See* Compl., ECF No. 1. On August 5, 2015, I entered a final order of forfeiture as to the 2006 Range Rover, pursuant to a settlement agreement between the Government and Rudine Magruder. *See* Order, ECF No. 12. Thus, this Memorandum Opinion and Order addresses only the disposition of the Jeep.

delivery person and began surveilling the box. *Id.* Law enforcement observed the delivery of the UPS box to Ricardo Lawson, who was operating the Jeep. *Id.* Lawson placed the UPS box in the Jeep, drove it to 501 69th Street, Seat Pleasant, Maryland, and dropped off the box. *Id.* at ¶¶ k–l. Subsequently, law enforcement seized the UPS box and found ten pounds of marijuana inside. *Id.* at ¶ p. The Jeep was seized on November 20, 2013, the same day Lawson delivered the UPS box. *Id.* at ¶ q.

On September 29, 2014, the Government filed a Verified Complaint for Forfeiture against the Jeep for transporting a controlled substance in violation of 21 U.S.C. § 881(a)(4). Compl., ECF No. 1. After filing a warrant for arrest against the Jeep on September 30, 2014, Warrant for Arrest, ECF No. 2, the Government filed a consent motion to stay the proceedings, Consent Mot., ECF No. 3, pursuant to 18 U.S.C. § 981(g)(1). In its motion, the Government argued that because Ricardo Lawson intended to make a claim for the Jeep and because the "criminal investigation into the facts that gave rise to the seizure and filing of the civil forfeiture" was still ongoing, the civil forfeiture proceeding must be stayed because "the discovery process in this case would interfere with the Government's prosecution." Consent Mot. 1–2. I granted the stay on November 18, 2014, and tolled the filing deadlines for Ricardo Lawson during the pendency of the stay. Or., ECF No. 4.

On April 19, 2016, I lifted the stay after Lawson consented to forfeiture of the Jeep. Mot. to Lift Stay, ECF No. 13; Order Lifting Stay, ECF No. 14. Subsequently, the Government filed for clerk's entry of default, ECF No. 15, which the clerk granted on June 22, 2016, ECF No. 16. The Government's Motion for Default Judgment as to the Jeep is now pending. Mot. Default J., ECF No. 17.

## II. DISCUSSION

"With respect to default judgments in proceedings that are in rem actions for forfeiture, both the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims (Supp. R.) apply . . . ." *United States v. $85,000.00 in U.S. Currency*, Civil No. WDQ-10-0371, 2011 WL 1063295, at *1 (D. Md. March 21, 2011) (quoting *United States v. Approx. $24,546.25 in U.S. Currency*, No. 1:09-cv-00284-OWW-SMS, 2009 WL 3486370, at *1 (E.D. Cal. Oct. 23, 2009)); *see also United States v. One 2003 Mercedes Benz CL500*, No. PWG-11-3571, 2013 WL 5530325, at *2 (D. Md. Oct. 3, 2013). The Supplemental Rules state the requirements for a forfeiture *in rem* action arising from a federal statute, while the Federal Rules of Civil Procedure state the requirements for a default judgment. Supp. R. G; Fed. R. Civ. P. 55. I will address each set of rules below.

### a. Supplemental Rule G(4)

Supplemental Rule G states that, in a forfeiture action arising *in rem* from a federal statute, the Government must publish notice of the forfeiture action "within a reasonable time after filing the complaint or at a time the court orders." Supp. R. G(4)(a). Though the notice may be published "on an official internet government forfeiture site for at least 30 consecutive days," Supp. R. G(4)(a)(iii)(B), the notice must describe the property with reasonable particularity and state the time to file a claim and to answer, Supp. R. G(4)(a)(ii). Finally, the Government must also "send notice . . . to any person who appears to be a potential claimant on the facts known to the government." Supp. R. G(4)(b)(i).[2]

---

[2] Supplemental Rule G also states that, in a forfeiture action arising *in rem* from a federal statute, the Government must file a verified complaint, Supp. R. G(2), and obtain an arrest warrant, Supp. R. G(3)(b). The Government satisfied both of these requirements when it filed a verified complaint on September 29, 2014, and obtained an arrest warrant for the Jeep the next day. Compl.; Warrant for Arrest.

3

With its Motion for Clerk's Entry of Default, the Government includes a Declaration of Publication that states the notice of a forfeiture action was published on October 3, 2014, four days after the Complaint was filed. Decl. of Publication, ECF No. 15-3. Further, the Government includes the affidavit of Evan T. Shea, Assistant United States Attorney for the District of Maryland, which states, "notice of the pendency of this case was posted on an official government internet site (www.forfeiture.gov) . . . for thirty (30) consecutive days." Shea Aff. ¶ 6, ECF No. 15-1; *see also* Advertisement Certification Report, Mot. for Clerk's Entry of Default Ex. 2, ECF No. 15-3. Additionally, the Government's Notice stated the Jeep's vehicle identification number, the location and date of the seizure, the deadline to file a claim for the Jeep, and the deadline to file an Answer to the Complaint. Notice of Forfeiture, Mot. for Clerk's Entry of Default Ex. 2. Therefore, the Government's notice satisfies all of Supp. R. G(4)(a)'s publication requirements.

Finally, because "Ricardo Lawson [was] the only person who reasonably appear[ed] to be a potential claimant," the Government only mailed the Complaint and related documents to him. Shea Aff. ¶¶ 4, 5. Therefore, the Government gave notice "to any potential claimant on the facts known to the government" pursuant to Supp. R. G(4)(b) and this notice satisfies all of Supp. R. G(4)'s requirements.

### b. Federal Rule of Civil Procedure 55

Under Fed. R. Civ. P. 55, "the Court cannot enter a default judgment unless it 'determines that the unchallenged factual allegations constitute a legitimate cause of action.'" *One 2003 Mercedes Benz CL500*, 2013 WL 5530325, at *2 (alterations omitted) (quoting *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010)). Although "[t]he Court accepts as true the well-pled facts in the plaintiff's complaint, . . . it remains for the Court to determine

whether the unchallenged factual allegations 'support a claim and the relief sought.'" *$85,000.00 in U.S. Currency*, 2011 WL 1063295, at *2 (quoting *United States v. $3,500.00 in U.S. Currency*, No. 5:07-CV-312-F, 2008 WL 215807, at *1 (E.D.N.C. Jan. 24, 2008)).

If a claimant of the Jeep requested a trial, the Government's burden would be "to prove that the defendant property is subject to forfeiture by a preponderance of evidence." *Id.* (citing 18 U.S.C. § 983(c)). At trial, the Government would have to establish "a substantial connection between the property and the offense" to meet their burden because "the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense." 18 U.S.C. § 983(c)(3). Here, the Government is able to establish that connection.

Officer Horn's declaration, attached to the Complaint, states that "MADTF and HSI took possession of a box suspected to contain narcotics." Horn Decl. ¶ j. Law enforcement handed the box over to a UPS delivery person and then watched as the box was delivered to Lawson. *Id.* Law enforcement then observed Lawson putting the box into the Jeep and driving with it to 501 69th Street, Seat Pleasant, Maryland. *Id.* at ¶ k. After Lawson departed, law enforcement seized the box and searched it, finding ten pounds of marijuana. *Id.* at ¶ l, p. Accepting all of these allegations as true, they are sufficient to establish by a preponderance of the evidence a substantial connection between the Jeep and a drug activity.

Accordingly, it is, this 28th day of October, 2016, hereby ORDERED that Plaintiffs' motion, ECF No. 17, IS GRANTED and the Clerk IS DIRECTED to CLOSE THIS CASE.

Paul W. Grimm, Judge
United States District Court